1  BRIAN A. SUN (BAR NO. 89410)
   CHRISTOPHER PELHAM (BAR NO. 241068)
2  ZHENER LOW (BAR NO. 355279)
   **NORTON ROSE FULBRIGHT US LLP**
3  555 South Flower Street
   Forty-First Floor
4  Los Angeles, California 90071
   Telephone:  (213) 892-9200
5  Facsimile:   (213) 892-9494
   brian.sun@nortonrosefulbright.com
6  christopher.pelham@nortonrosefulbright.com
   zhener.low@nortonrosefulbright.com
7
8  Attorneys for Defendants
   METANOVA, LLC f/k/a HAZENS INVESTMENT,
9  LLC, and JIA YUAN USA CO., INC.
10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  UNITED STATES OF AMERICA,          Case No. 2:24-CV-04277-MWF-MARx
    *ex rel.* AIDAN FORSYTH,
15
               Plaintiff-Relator,       **DEFENDANTS' ANSWER TO FIRST
16                                       AMENDED QUI TAM COMPLAINT**
          v.
17
    METANOVA, LLC, f/k/a HAZENS
18  INVESTMENT, LLC, and JIA YUAN
    USA CO., INC.,
19
               Defendants.              Action Filed: May 23, 2024
20

21

22

23

24

25

26

27

28

Defendants Metanova, LLC (formerly known as Hazens Investment LLC) ("Metanova"), and Jia Yuan USA Co., Inc. ("Jia Yuan"), currently known as Metainfinity Inc. (together "Defendants"), by and through their undersigned counsel, hereby answer the First Amended Complaint by plaintiff-relator United States of America, *ex rel.* Aidan Forsyth ("Relator"), naming Plaintiff United States of America as the real party in interest, which has declined intervention. Unless otherwise stated, and solely for convenience, this Answer employs the defined terms set forth in the Complaint; no agreement or waiver by such use is intended. Further, unless otherwise stated Defendants deny any headings and sub-headings insofar as they are interpreted to contain factual allegations.

1.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

## SUMMARY OF ALLEGATIONS

3.    This Paragraph appears to quote or paraphrase provisions of statutes and contain legal conclusions and statements of law to which no response is required. To the extent the paragraph purports to allege facts, such allegations are denied.

4.    On information and belief, Defendants admit the allegations in this Paragraph.

5.    Save that Defendant Metanova f/k/a Hazens Investment LLC admits that prior to 2019, SHREG had owned an interest in an entity that owned an interest in Metanova, Defendants deny that they were wholly-owned subsidiaries of SHREG. The allegations with respect to San Yi U.S. Investment Company, Inc. ("San Yi") do not appear to be asserted against Defendants, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations against San Yi and therefore deny them. The rest of the allegations in this Paragraph are denied.

6.    Defendants admit that for a certain time period before and until

approximately January 12, 2021, they were majority-owned by Fuer Yuan. Defendants admit on information and knowledge that Fuer Yuan had been Chairman of SHREG until approximately July 10, 2023 and had in the past been a citizen of the People's Republic of China. The rest of the allegations in this Paragraph are denied, and Defendants deny that the diagram depicted in this Paragraph is accurate.

7.    Save that SHREG had around that time owned an interest in an entity that owned an interest in Defendant Metanova LLC f/k/a Hazens Investment LLC, and that Metanova had around that time acquired a hotel in the Los Angeles area, which is admitted, the rest of the allegations in this Paragraph are denied.

8.    Defendants admit on or about October 2020, Jia Yuan entered into a non-prosecution agreement with the U.S. Department of Justice in connection with allegations against multiple parties concerning Jose Huizar and the Luxe City Center Hotel. This Paragraph appears to characterize and paraphrase certain documents, which speak for themselves. The rest of the allegations in this Paragraph are denied.

9.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

10.    On information and belief, Defendants admit that Fuer Yuan was a director at Legend Strategy International Holdings Group Company Limited until in or about October 2025. The rest of this Paragraph appears to quote the contents of a document, which speaks for itself. To the extent the rest of the allegations in this Paragraph contain factual allegations, Defendants deny them.

11.    On information and belief, Defendants admit that SHREG is an entity created in and organized under the laws of the People's Republic of China. Defendants deny the remaining allegations in this Paragraph.

12.    Defendants admit that Fuer Yuan was a director of Jia Yuan until on or about January 12, 2021. Defendants deny the remaining allegations in this Paragraph.

13.    Defendants admit the allegations in this Paragraph with respect to themselves. With respect to San Yi, Defendants admit the allegations based on

information and belief.

14.     The allegations in this Paragraph are denied to the extent that and on the basis that Jia Yuan's second-draw PPP loan was not forgiven in full. Defendants admit the other allegations in this Paragraph.

15.     Defendants admit that the lender for the PPP loans described in this Paragraph was East West Bank.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

16.     Defendants admit that the applications for the second-draw PPP loans required the applicants' authorized representatives to make certain certifications relating to the People's Republic of China and the Special Administrative Region of Hong Kong. Otherwise, the allegations in this Paragraph (including the allegations as to the contents of the alleged certification) are denied.

17.     The allegations in this Paragraph are denied.

18.     Save that EWB extended second-draw PPP loans to Hazens and Jia Yuan totaling approximately $3.5 million, Defendants deny the allegations in this Paragraph.

19.     Save that the lender forgave and/or charged off certain PPP loans referred to in this Paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph about costs to the federal government, and therefore deny them.  Defendants deny the remaining allegations in this Paragraph.

20.     Defendants lack sufficient information to admit or deny the allegations in this Paragraph, and therefore deny them.

## JURISDICTION, VENUE, AND SPECIAL REQUIREMENTS

21.     Defendants admit the allegations in this Paragraph.

22.     Save for the allegations concerning the lender, which Defendants lack knowledge or information sufficient to form a belief about the truth of therefore deny,

the allegations in this Paragraph are admitted.

23.    Defendants admit the allegations in this Paragraph.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

25.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

26.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

### PARTIES/RELATED PERSONS AND ENTITIES

27.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore deny them.

28.    On information and belief, Defendants admit the allegations in this Paragraph.

29.    Defendants admit that Fuer Yuan was a director of Jia Yuan until on or around January 12, 2021, that Fuer Yuan was the Chairman of SHREG until in or about July 10, 2023, and had in the past been resident in Shenzhen and a citizen of the People's Republic of China. Defendants deny the rest of the allegations, including any allegation that Fuer Yuan held these statuses at the times relevant to this action.

30.    Save that Defendant Metanova LLC's principal place of business was located at 17800 Castleton Street, Suite 208, City of Industry 91748, which is denied, Defendants admit the allegations in this Paragraph.

31.    Defendants admit the allegations in this Paragraph.

32.    This Paragraph does not appear to contain allegations asserted against Defendants. Defendants lack sufficient information and knowledge to admit or deny the allegations in this Paragraph, and therefore deny them.

### GOVERNING LAW, REGULATIONS, AND CODES OF CONDUCT
### THE FALSE CLAIMS ACT

33.    Defendants allege the paragraph appears to contain legal conclusions,

- 5 -    Case No. 2:24-CV-04277-MWF-MARx

DOCUMENT PREPARED
ON RECYCLED PAPER

statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

34.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

35.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

36.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

37.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

38.    Defendants deny the allegations in this Paragraph.

**THE CARES ACT AUTHORIZES PAYCHECK PROTECTION PROGRAM LOANS AND ECONOMIC INJURY DISASTER LOANS AND GRANTS**

39.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is required. To the extent the paragraph purports to make allegations against Defendants, such allegations are denied.

40.    Defendants allege the paragraph appears to contain legal conclusions, statements of law and/or allegations not against Defendants, to which no response is

DOCUMENT PREPARED
ON RECYCLED PAPER

Case No. 2:24-CV-04277-MWF-MARx
DEFENDANTS' ANSWER TO FIRST AMENDED QUI TAM COMPLAINT

1    required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

2    Defendants, such allegations are denied.

3         41.    Defendants allege the paragraph appears to contain legal conclusions,

4    statements of law and/or allegations not against Defendants, to which no response is

5    required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

6    Defendants, such allegations are denied.

7         42.    Defendants allege the paragraph appears to contain legal conclusions,

8    statements of law and/or allegations not against Defendants, to which no response is

9    required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

10   Defendants, such allegations are denied.

11        43.    Defendants allege the paragraph appears to contain legal conclusions,

12   statements of law and/or allegations not against Defendants, to which no response is

13   required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

14   Defendants, such allegations are denied.

15        44.    Defendants allege the paragraph appears to contain legal conclusions,

16   statements of law and/or allegations not against Defendants, to which no response is

17   required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

18   Defendants, such allegations are denied.

19        45.    Defendants allege the paragraph appears to contain legal conclusions,

20   statements of law and/or allegations not against Defendants, to which no response is

21   required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

22   Defendants, such allegations are denied.

23        46.    Defendants allege the paragraph appears to contain legal conclusions,

24   statements of law and/or allegations not against Defendants, to which no response is

25   required.  To  the  extent  the  paragraph  purports  to  make  allegations  against

26   Defendants, such allegations are denied.

27        47.    Defendants allege the paragraph appears to contain legal conclusions,

28   statements of law and/or allegations not against Defendants, to which no response is

1  required. To the extent the paragraph purports to make allegations against

2  Defendants, such allegations are denied.

3       48.    Defendants allege the paragraph appears to contain legal conclusions,

4  statements of law and/or allegations not against Defendants, to which no response is

5  required. To the extent the paragraph purports to make allegations against

6  Defendants, such allegations are denied.

7       49.    Defendants allege the paragraph appears to contain legal conclusions,

8  statements of law and/or allegations not against Defendants, to which no response is

9  required. To the extent the paragraph purports to make allegations against

10  Defendants, such allegations are denied.

11  ## SPECIFIC FRAUD ALLEGATIONS

12  ## HAZENS WAS A SUBSIDIARY OF SHREG, A CHINA-BASED COMPANY,

13  ## AT THE TIME IT APPLIED FOR ITS SECOND-DRAW PPP LOAN

14       50.    On information and knowledge, Defendants admit that SHREG is and

15  was a Chinese company, and that prior to 2019 SHREG had owned an interest in an

16  entity that owned an interest in Metanova, and that Fuer Yuan had owned and

17  controlled majority interests in an entity that owned and controlled majority interests

18  in SHREG. All other allegations in this Paragraph are denied, and Defendants note

19  that the allegation as it relates to the term "subsidiary," is too vague and is impossible

20  to admit or deny.

21       51.    Defendants admit the allegations in this Paragraph.

22       52.    Defendants admit the allegations in this Paragraph.

23       53.    Defendants admit that an authorized representative of Hazens prepared

24  an SBA Form 2483-AD. Defendants deny the remaining allegations in this

25  Paragraph.

26       54.    Save that the loan application form contained the quoted statements,

27  Defendants deny the allegations in this Paragraph.

28       55.    Defendants admit the allegations in this Paragraph.

56.     Save that on or around February 5, 2021, EWB issued second draw PPP
loan #9326628305 in the amount of $2,000,000.00, Defendants deny the allegations
in this Paragraph.

57.     Defendants admit that on or about July 10, 2023, the 305 Loan was
forgiven in full (in the amount of $2,049,000.00), but lack knowledge or information
sufficient to form a belief about the truth of the remaining allegations in this
Paragraph and therefore deny them.

### JIA YUAN WAS A SUBSIDIARY OF SHREG, A CHINA-BASED COMPANY, AND FUER YUAN WAS ITS CHAIRMAN, AT THE TIME IT APPLIED FOR ITS SECOND-DRAW PPP LOAN

58.     Defendant Jia Yuan admits that Yuan was previously a director of Jia
Yuan before and until January 12, 2021. Defendants admit on information and belief
that SHREG is a Chinese company, and that Fuer Yuan had owned and controlled
majority interests in an entity that owned and controlled majority interests in SHREG.
Defendants deny that Fuer Yuan was a member of Jia Yuan's Board after on or about
January 12, 2021. All other allegations are denied, and Defendants note that the
allegation as it relates to  the term "subsidiary," is too vague and is impossible to
admit or deny.

59.     Defendants admit the allegations in this Paragraph.

60.     Defendants admit the allegations in this Paragraph.

61.     Defendants admit that an authorized representative of Jia Yuan prepared
an SBA Form 2483-SD, but deny the other allegations in this paragraph.

62.     Save that the loan application form contained the quoted statements,
denied.

63.     Defendants admit the allegations in this Paragraph.

64.     Defendants admit that EWB issued second-draw PPP loan
#7651538405 in the amount of $1,481,872.00 on or around February 19, 2021, but
deny the other allegations in this paragraph.

65.     Defendants admit that the 405 Loan was partially charged off, and state that it was partially forgiven and charged off on or about November 8, 2023, with the remaining unforgiven amount being paid to EWB by Jia Yuan. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the United State's reimbursement of EWB and therefore deny them. All other allegations in this Paragraph are denied.

### THE GOVERNMENT HAS BEEN DAMAGED AS A RESULT OF DEFENDANTS' CONDUCT

66.     Save that Defendants received approximately $3.5 million in second-draw PPP loans, denied.

### CLAIMS FOR RELIEF

### COUNT I

*False Claims Act*

*Presenting or Causing to be Presented False and Fraudulent Claims*

**31 U.S.C. § 3729(a)(1)(A)**

67.     Defendants repeat their denials and admissions set forth above.

68.     Defendants deny the allegations in this Paragraph.

### COUNT II

*False Claims Act*

*Making or Using False*

*Records or Statement to Cause Claims to be Paid*

**31 U.S.C. § 3729(a)(1)(B)**

69.     Defendants repeat their denials and admissions set forth above.

70.     Defendants deny the allegations in this Paragraph.

### AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they become known during discovery or otherwise, Defendants assert the separate and additional defenses

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANTS' ANSWER TO FIRST AMENDED QUI TAM COMPLAINT

set forth below. All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## FIRST AFFIRMATIVE DEFENSE

### (Causation)

71.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show that any alleged misstatement or misrepresentation caused the lender or the Government to pay any money, forgive the loans or distribute any property to Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (No Damage)

72.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show any damage to the government.

## THIRD AFFIRMATIVE DEFENSE

### (Agency)

73.    Plaintiff's claims are barred, in whole or in part, because those claims are based on the conduct of others that is not attributable to the Defendants and/or and/or of which Defendants had no knowledge.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Materiality)

74.    Plaintiff's claims are barred, in whole or in part, because those claims fail to establish that Defendants' alleged misrepresentations/statements were material to a decision by the government to transfer property to the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Falsity)

75.    Plaintiff's claims are barred, in whole or in part, because those claims fail to establish that Defendants' alleged misrepresentations/statements were false.

76.    Plaintiff's claims are barred, in whole or in part,

## SIXTH AFFIRMATIVE DEFENSE

Case No. 2:24-CV-04277-MWF-MARx

DEFENDANTS' ANSWER TO FIRST AMENDED QUI TAM COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER

**(Lack of Intent and Knowledge)**

77.    Plaintiff's claims are barred, in whole or in part, because those claims fail to establish scienter. They fail to establish that Defendants' alleged misrepresentations were made knowingly or intentionally by the Defendants. Defendants acted in good faith based on their understanding of the evolving PPP regulations, agency guidance, and lender instructions. The Complaint fails to show that Defendants' statements were made knowingly false, with reckless disregard, or with deliberate ignorance.

## SEVENTH AFFIRMATIVE DEFENSE

**(Advice of Third Parties)**

78.    Plaintiff's claims are barred, in whole or in part, because Defendants reasonably relied on the advice of third parties when undertaking the conduct described in those claims (including, but not limited to, the advice of counsel).

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

79.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. The Complaint does not plausibly allege that Defendants knowingly made a false statement, that any statement was materially false, or that any alleged falsity was the cause of the Government's payment or forgiveness or transfer of property.

## NINTH AFFIRMATIVE DEFENSE

**(Failure to Join a Party)**

80.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to join a required party.

## TENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

81.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

82. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Public Disclosure Bar)

83. Plaintiff's claims are barred, in whole or in part, because the underlying facts of the transactions involved in Defendants obtaining the loans as financial businesses or factors were publicly disclosed prior to Defendants conveying such information to the Government or filing this suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Original Source)

84. Plaintiff's claims are barred in whole or in part because to the extent the Relator relies on information publicly available, the action is barred under 31 U.S.C. § 3730(e)(4) unless Plaintiff qualifies as an original source, which Plaintiff does not.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

85. Plaintiff's claims are barred in whole or in part because Plaintiff does not have proper standing to bring this litigation, including on behalf of the United States of America.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

86. Plaintiff's claims are barred in whole or in part because of waiver, including that the government, lender and relevant parties had waived claims against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

87. Plaintiff's claims are barred in whole or in part because Plaintiff is

estopped by its own conduct from maintaining any of the claims set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

88.     Plaintiff's claims are barred in whole or in part because any recovery by Plaintiff on the Complaint against Defendants would be unfair and constitute unjust enrichment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

89.     Plaintiff's claims are barred in whole or in part because of their unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

90.     Plaintiff's claims are barred in whole or in part because of the doctrine of in pari delicto.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

91.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to plead fraud with specificity under Fed. R. Civ. P. 9(b).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Ambiguity in Law or Guidance)

92.     Plaintiff's claims are barred in whole or in part because the relevant laws were ambiguous during the relevant period.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Constitutional Limits on Penalties)

93.     Plaintiff's claims are barred in whole or in part because imposition of treble damages or statutory penalties as requested would, under the circumstances, violate the Excessive Fines Clause and the Due Process Clause of the United States

1     Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Remote or Speculative)

94.     Plaintiff's claims are barred in whole or in part because they are too remote or speculative.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

95.     Plaintiff's claims are barred in whole or in part because there has been accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

96.     Plaintiff's claims are barred in whole or in part because of Plaintiff's assumption of risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

97.     Plaintiff's claims are barred in whole or in part because of Plaintiff's contributory negligence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Release)

98.     Plaintiff's claims are barred in whole or in part because the claims have been released.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to assert additional defenses and/or supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery or investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

Case No. 2:24-CV-04277-MWF-MARx

DOCUMENT PREPARED ON RECYCLED PAPER

1.    Relator take nothing by way of the Complaint and that judgment be rendered in favor of Defendants;

2.    That Defendants be awarded its costs of suit, including reasonable attorneys' fees to the extent allowable; and

3.    That Defendants be awarded such other and further relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

Defendants hereby demand a trial by jury on all claims so triable in this action.


Dated:        February 24, 2026          NORTON ROSE FULBRIGHT US LLP


By: */s/ Brian A. Sun*
_____
BRIAN A. SUN
CHRISTOPHER PELHAM
ZHENER LOW

Attorneys for Defendants
METANOVA, LLC, f/k/a HAZENS
INVESTMENT, LLC, and
JIA YUAN USA CO., INC.,

DOCUMENT PREPARED ON RECYCLED PAPER