# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* AIDAN FORSYTH,<br><br>    *Plaintiff-Relator,*<br><br>  v.<br><br>METANOVA, LLC, f/k/a HAZENS INVESTMENT, LLC, and JIA YUAN USA CO., INC.,<br><br>    *Defendants*. | Civil Action No. 24-4277-MWF-MAR<br><br><br>**JOINT RULE 26(f) REPORT** |

a. **<u>Statement of the Case</u>**[1]

This *qui tam* lawsuit, originally filed under seal, arises under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., and involves allegations of fraudulent conduct related to the Paycheck Protection Program ("PPP") loans authorized under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Plaintiff/Relator Aidan Forsyth, on behalf of the United States Government, alleges that Defendants Metanova, LLC (formerly Hazens Investment, LLC) and Jia Yuan USA Co., Inc. (collectively, "Defendants") knowingly submitted false and fraudulent applications for second-draw PPP loans, resulting in the improper receipt and forgiveness of approximately $3.5 million in federal funds.

Relator claims that Defendants falsely certified that they were eligible for PPP loans by misrepresenting their ownership and control structure. Specifically, the Relator alleges that Defendants were subsidiaries of Shenzhen Hazens Real Estate Group Co., Ltd. ("SHREG"), a Chinese real estate developer, and that SHREG owned more than 20% of Defendants and had significant operations in China. Relator further alleges that Defendants retained Fuer Yuan, a resident of China, as a member of their board of directors during the relevant period. As such, Relator alleges Defendants violated Small Business Administration ("SBA") regulations prohibiting entities with significant ties to China from participating in the PPP loan program. On behalf of the United States, the Relator seeks treble damages, civil penalties, and other remedies under the FCA, as well as a share of any eventual proceeds and reimbursement of his reasonable attorneys' fees and costs.

The United States, through the Office of the U.S. Attorney for this District, investigated these allegations and recently informed this Court that it was declining to intervene.  Accordingly, this Court ordered the case unsealed and Relator, after

---

[1] At the request of Plaintiff's counsel, who represented to Defendants' counsel that he is unable to file this joint report because California co-counsel is presently unavailable for medical reasons, Defendants' counsel is filing this on behalf of the parties as a matter of courtesy.

JOINT RULE 26(f) REPORT

effectuating service, is proceeding to litigate.

In their Answer, Defendants deny the allegations and assert multiple affirmative defenses, including (1) lack of causation, (2) lack of damages, (3) lack of agency, (4) lack of materiality, (5) lack of falsity, (6) lack of intent or knowledge, (7) reliance on third-party advice, (8) failure to state a claim, (9) failure to join a necessary party, (10) statute of limitations, (11) laches, (12) public disclosure bar,  (13) failure to qualify as an original source, (14) lack of standing, (15) waiver, (16) estoppel, (17) unjust enrichment, (18) unclean hands, (19) in pari delicto, (20) lack of specificity, (21) ambiguity in law or guidance, (22) constitutional limits on penalties, (23) speculation, (24) accord and satisfaction, (25) assumption of risk, (26) contributory negligence, and (27) release.

Defendants seek judgment in their favor, dismissal of the Complaint, recovery of costs and attorneys' fees, any other relief deemed appropriate by the Court and a jury trial on all claims triable in the action. Relator demands judgment against Defendants for damages, penalties, and other relief, as well as a jury trial on all issues.

### b. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the False Claims Act (31 U.S.C. § 3729 et seq.). Additionally, jurisdiction is conferred under 28 U.S.C. § 1345, which provides federal district courts with original jurisdiction over all civil actions commenced by the United States of America.

### c. Legal Issues

The legal issues in this case stem from the FCA. As such, the key legal issues will involve determinations of liability surrounding Defendants' scienter – here, "knowledge" under 31 U.S.C. § 3729(a)(1); the materiality and falsity of Defendants' certifications and representations to the Government; and the

JOINT RULE 26(f) REPORT

requirements and interpretation of SBA Form 2483-SD, 15 U.S.C. §§ 636(a)(37)(A)(iv)(III)(cc)(AA) and (BB), and any related laws and regulations.

### d. **Parties, Evidence, etc.**

Plaintiffs

(i)   Relator Aidan Forsyth brings this *qui tam* action on behalf of the United States Government under the FCA. He resides in New York, New York.

(ii)   The United States of America is the real party in interest in the *qui tam* action.

Defendants

(i)   Metanova, LLC (formerly Hazens Investment, LLC) is organized in California.

(ii)   Jia Yuan USA Co., Inc. is a Delaware LLC, with its principal place of business in Los Angeles, California.

Defendants are owned by the Yaen Irrevocable Trust 2021. Defendants refer to their earlier-filed Notices of Interested Entities.

Percipient Witnesses

(i)   Fuer Yuan: Past Chairman of SHREG and Jia Yuan USA Co., Inc..

(ii)   Agents of Defendants: Any individuals who submitted and/or signed the PPP loan applications at issue on behalf of Defendants and/or dealt with Lender(s) or SBA for Defendants and/or dealt with Defendants' professional advisors and/or service providers in relation to the PPP loan applications at issue

(iii)   Agents of Lender(s): Any employees of PPP loan lender(s) who were involved in processing Defendants' loan applications or forgiveness applications and communicating with Defendants with respect to the same.

(iv)   Agents of SBA:   Any SBA employees or officials with knowledge of Defendants' PPP loans or loan forgiveness.

Key Documents

(i)   PPP Loan Applications: SBA Form 2483 and SBA Form 2483-SD submitted for second-draw loans.

(ii)    PPP documentation and records showing forgiveness of second-draw loans issued to Defendants.

(iii)   Any documents showing ownership and control of Defendant corporations during the time period at issue and as relevant to the statutory requirements at issue in this case.

(iv)    Sworn written statement submitted by Fuer Yuan as part of his cooperation with the DOJ investigation as alleged in the Complaint.

(v)     Correspondence and communications, including letters, emails, and other communications between Defendants on one hand, and financial institutions involved in issuing loans and/or the SBA on the other, in connection with the PPP loan applications and the alleged false certifications/representations at issue.

(vi)    Other documents submitted by defendants in support of their PPP loan and/or loan forgiveness applications in connection with the alleged false certifications/representations at issue.

(vii)   Documents relating to both Defendants' corporate governance structure, and corporate structure, during the relevant period;

(viii)  Documents relating to advice and/or guidance and/or representations received by Defendants relating to PPP loan requirements;

(ix)    Documents relating to third-party involvement in the PPP loan process;

(x)     Documents relating to Fuer Yuan's residency to the extent relevant to the claims at issue.

**e.  Damages**

Based on the amounts of Defendants' forgiven PPP loans, Plaintiff alleges that damages here amount to approximately $3.5 million, plus treble damages and civil penalties under the False Claims Act. Defendants deny these claims.

**f.  Insurance**

Defendants' counsel are still investigating this issue and will provide

disclosures to Plaintiff as soon as possible and in any case by the Rule 26(a) initial disclosures deadline.

### g. Motions

The parties anticipate the possibility of motions seeking leave to amend the pleadings as discovery progresses, including to add claims or defenses. At this time, the parties do not anticipate motions to join additional parties, but reserve the right to request to do so should discovery reveal a basis for such a request. The parties do not currently anticipate motions to transfer venue.

Defendants anticipate filing dispositive motions. Plaintiffs reserve all rights to oppose such motions and to seek appropriate relief as warranted by the facts and law.

### h. Manual for Complex Litigation

The parties do not believe this case is particularly complex, so they do not believe the case requires use of the Manual for Complex Litigation.

### i. Status of Discovery

Discovery has not yet been conducted in this case.

### j. Discovery Plan

(A) The parties do not propose any changes to the timing or form of Rule 26(a) disclosures. Initial disclosures will be made within 14 days of the Rule 26(f) conference, as required by the Rule, by April 27, 2026. The parties anticipate supplementing disclosures as necessary.

(B) Discovery will focus on: (1) Defendants' eligibility and certifications put at issue in the Amended Complaint, related to PPP loan applications; (2) Corporate structure, ownership, and affiliations relevant to eligibility rules put at issue in the Amended Complaint; (3) Communications with lenders and government entities regarding PPP loans; (4) Alleged damages, such as loan amounts and forgiveness; (5) the bases for the Relator's allegations and any

JOINT RULE 26(f) REPORT

documents that the Relator has collected for his investigation as well as submitted to federal authorities in relation to those allegations.

(C)   The parties will preserve electronically stored information (ESI) relevant to claims and defenses. ESI production will include documents, emails, and other electronic records in native formats where practical, or otherwise as the parties agree. The parties will confer regarding custodians, search terms, and data.

(D)   The parties will assert claims of privilege or protection as trial-preparation materials as required under Rule 26(b)(5)(A).

(E)   The parties propose that the default limits on interrogatories and depositions under the Federal Rules and local rules apply. The parties do not propose any changes to discovery limitations at this time.

(F)   The parties will confer regarding the entry of an appropriate protective order in this case prior to productions.

### k. Discovery Cut-off

The parties propose a fact discovery cut-off of January 21, 2027, to allow sufficient time for document production, interrogatories, depositions, and resolution of any discovery disputes.

### l. Expert Discovery

The parties propose that initial expert disclosures under Rule 26(a)(2) be served by February 19, 2027, with rebuttal expert disclosures served by March 25, 2027. All expert discovery, including depositions of experts, is proposed to be completed by May 21, 2027.

### m. Dispositive Motions

There exists a possibility that a summary judgment motion could determine issues relating to the falsity of Defendants' representations, materiality, and Defendants' knowledge or intent. Further, any of Defendants' affirmative defenses could be decided on summary judgment.

JOINT RULE 26(f) REPORT

**n. Settlement/Alternative Dispute Resolution (ADR)**

No settlement discussions or written communications regarding settlement have occurred.

**o. Trial Estimate**

The parties anticipate that trial will be before a jury. Each side estimates the need to call approximately 6 witnesses. Based on the scope of this case, the parties estimate that trial will require approximately 4-5 days.

**p. Trial Counsel**

For Plaintiffs: Stephen Jaffe and Eric H. Jaso

For Defendants: Christopher Pelham and Zhener Low

**q. Independent Expert of Master**

The parties do not believe appointment of a master under Rule 53 or an independent scientific expert is necessary at this time. While the case may involve questions related to PPP loan eligibility and damages, these issues can likely be addressed through standard discovery.

**r. Timetable**

See Schedule of Pretrial and Trial Dates form attached to this Report as Exhibit A.

**s. Other Issues**

The parties contemplate no other issues at this time.

JOINT RULE 26(f) REPORT

Dated:   March 31, 2026          NORTON ROSE FULBRIGHT US LLP


                                 By: */s/ Christopher Pelham*
                                 _____
                                 BRIAN A. SUN
                                 CHRISTOPHER PELHAM
                                 ZHENER LOW

                                 Attorneys for Defendants
                                 METANOVA, LLC, f/k/a HAZENS
                                 INVESTMENT, LLC, and
                                 JIA YUAN USA CO., INC.,

Dated:   March 31, 2026          THE JAFFE LAW FIRM


                                 By: */s/ Stephen Jaffe*
                                 _____
                                 STEPHEN JAFFE

                                 Attorney for Plaintiff -Realtor
                                 UNITED STATES OF AMERICA,
                                 EX REL. AIDAN FORSYTH


                                 ERIC H. JASO (*PHV* Pending)
                                 SPIRO HARRISON & NELSON
                                 363 Bloomfield Avenue, Suite 2C
                                 Montclair, NJ 07042
                                 Telephone: (973) 232-0881
                                 Facsimile: (973) 232-0887
                                 ejaso@shnlegal.com
                                 Attorney for Relator


## ATTESTATION

Pursuant to Local Rule 5-4.3.4(2), this filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:  March 31, 2026          **NORTON ROSE FULBRIGHT US LLP**


                                 */s/ Christopher Pelham*
                                 _____
                                 Christopher Pelham

- 9 -

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:24-cv-04277-MWF-MAR |
|---|---|
| Case Name | United States of America *ex rel.* Aidan Forsyth v. Metanova, LLC *et al.* |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [x] Jury Trial *or* [ ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: __5__ Days | **5/6/2027** | 08/31/2027 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | **4/15/2027** | 08/09/2027 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 3/5/2027 | 03/01/2027 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 12/31/2026 | 01/21/2027 | |
| Expert Disclosure (Initial) | | 1/31/2027 | 02/19/2027 | |
| Expert Disclosure (Rebuttal) | | 3/5/2027 | 03/25/2027 | |
| Expert Discovery Cut-Off | 14 * | 4/30/2027 | 05/21/2027 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 2/1/2027 | 05/24/2027 | |
| Last Date to Conduct Settlement Conference | 12 | 2/11/2027 | 06/07/2027 | |
| For Jury Trial • File Memorandum of Contentions of Fact and Law, LR 16-4 • File Exhibit and Witness Lists, LR 16-5.6 • File Status Report Regarding Settlement • File Motions *In Limine* | 6 | March 25, 2027 | 07/19/2027 | |
| For Jury Trial • Lodge Pretrial Conference Order, LR 16-7 • File Agreed Set of Jury Instructions and Verdict Forms • File Statement Regarding Disputed Instructions, Verdicts, etc. • File Oppositions to Motions *In Limine* | 5 | 4/1/2027 | 07/26/2027 | |
| For Court Trial • Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel      ☐ Private Mediation      ☐ Magistrate Judge (with Court approval)

EXHIBIT A